PERETORE & PERETORE, P.C.
191 Woodport Road
Sparta, New Jersey 07871
(973) 729-8991
Attorneys for Secured Creditor
People's United Equipment Finance Corp.

_/s/ Scott D. Chait_
Scott D. Chait, Esq.
SDC#5605

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

In re:

**UNITED CRANE RENTALS, INC.**

Debtor.

---

Case No. 15-25024 (RG)

Chapter 11

OBJECTION OF PEOPLE'S UNITED EQUIPMENT FINANCE CORP. TO DEBTOR'S APPLICATION FOR FURTHER TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

People's United Equipment Finance Corp. ("PUEFC"), a secured creditor of debtor United Crane Rentals, Inc. ("Debtor"), files this objection to Debtor's Application for Further Time to File Schedules and Statement of Financial Affairs (Doc. 14), for the following reasons:

As set forth with more particularity in PUEFC's Motion to Dismiss the within bankruptcy (Doc. 12), PUEFC is a secured creditor of Debtor, having provided commercial financing to Debtor relative to, and secured by, various construction cranes and equipment, as well as all of Debtor's assets. Debtor has been chronically in default of its loan obligations to PUEFC and PUEFC is owed more than $6,000,000.00. Due to the defaults, PUEFC brought a state court action on July 6, 2015. An Order of Replevin for PUEFC's collateral was entered in that action on August 7, 2015, one

business day before this bankruptcy was filed.

Again, as set forth with more particularity in PUEFC's Motion to Dismiss (Doc. 12), Debtor should not even be in a Chapter 11 bankruptcy. This case was filed in bad faith due, in part, to the fact that Debtor has no likelihood of reorganizing. It has anemic revenues (based in Debtor's own documentation, on an annualized basis, Debtor will have gross revenues of $286,926.10 for all of 2015 and had only about $85,000.00 in 2014), enormous seven figure debt (PUEFC's $6,199,739.78 and at least one other creditor, a union with a $965,000.00 judgment), and due to the union debt Debtor is not even being supplied union workers for its business operations. Moreover, Debtor's recently produced "aging reports" reflects stale accounts receivables dating back to 1999 and approximately half of the receivables generated between January 1, 2015 and July 15, 2015 ($81,471.47) are well over 120 days past due.

Now, eight days after filing its petition, Debtor seeks a three week extension of the deadline to file its schedules and statement of financial affairs. The application is yet another example of how Debtor is not a viable going concern and has no legitimate prospects of reorganizing. Moreover, while this case was filed in haste by Debtor due to PUEFC's state court Order of Replevin, Debtor cannot, contrary to the application's implication, argue that PUEFC's actions, or even the need to produce financial documentation, was a surprise. As part of PUEFC's state court action, on July 8, 2015, an Order to Show Cause for an Order of Replevin of PUEFC's collateral was entered. As part of that Order to Show Cause, Debtor was required produce updated "aging reports" on open receivables no later than July 9, 2015 and updated financials no later than July 13, 2015. Thus, Debtor has been on notice for more than a month now of the need to produce the very documentation that would constitute its schedules and statement of financial affairs. It should go without saying that production of current financials should be a relatively easy and *de*

*minimis* task for any functioning business. Yet, while Debtor produced (stale) "aging reports", it did not produce any updated financials, in part because, as Debtor's own counsel, advised "there have been no updates in the financial accounting for [Debtor]" since the last time such data was provided to PUEFC in 2013, two years ago. See counsel's July 17, 2015 email, Exhibit "A" to the accompanying Certification of Scott D. Chait, Esq. Thus, it is clear this is a Debtor who cannot realistically reorganize. It does not belong in a Chapter 11 to begin with and now, it seeks yet another delay – "right off the bat" – in filing critical financial information. It serves only as a reminder that all this Chapter 11 case will serve to accomplish is to run-up substantial post-petition administrative expenses and obligations which will never be paid, all at great cost to Debtor's creditors.

## CONCLUSION

For all the foregoing reasons, PUEFC respectfully requests that this Court deny Debtor's application and Debtor should be required to file its schedules and statement of financial affairs by the current deadline of August 24, 2015, or at the very least, no later than the deadline to oppose PUEFC's motion to dismiss, August 27, 2015.

Respectfully submitted,

PERETORE & PERETORE, P.C.
Attorneys for People's United
Equipment Finance Corp.

By: */s/ Scott D. Chait*
    Scott D. Chait, Esq.

Dated: August 19, 2015

3